IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **METLIFE INVESTORS USA** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 10-846-GMS |
| | ) | |
| v. | ) | |
| | ) | |
| **DAVID JONES & ASSOCIATES, INC.** | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT STATUS REPORT

Pursuant to FRCP 16, Local Rule 16.2, and the Court's Order [Docket #6], the parties jointly submit this Status Report. On Friday, April 8, 2011, counsel for the parties participated in a Rule 16 planning conference by telephone. Representing the plaintiff were Martin Harris of Harris & Affiliates, Ltd. Representing the defendant, David Jones & Associates, were Etan Mark of Berger Singerman, and Jeremy Anderson of Connolly Bove Lodge & Hutz, LLP.

1. **Jurisdiction.** The Court has diversity jurisdiction over the subject matter of this action, and it has personal jurisdiction over the parties pursuant to a contract they signed, which contains a forum selection clause electing Delaware courts.

2. **Substance of the Action.** MetLife Investors has filed suit for breach of contract. Defendant contractually agreed to act as a broker for MetLife Investors' products, in exchange for which MetLife Investors agreed to pay Defendant commissions. MetLife Investors paid Defendant a commission exceeding $500,000, for one life insurance policy it sold to a client, but

subsequently MetLife Investors alleges that it rescinded that sale and refunded the client's premium.  Defendant has not returned the commission money it had received for that sale.  Plaintiff contends that the failure to return that commission constitutes a breach of contract.

Defendant admits selling the insurance policy and receiving the commission at issue, but denies that it is obligated to repay that money.  Among other defenses, Defendant denies that the contract is valid or enforceable, alleging that it is a contract of adhesion; Defendant also contends that Plaintiff has failed to join indispensible parties.

3. **Identification of Issues.**  To the extent known and understood at this stage of the proceedings, one or both parties contend that the principal factual and legal issues in dispute include the following:

    (a)    Under the terms of the parties' contract as applied to the present facts, is Defendant obligated to repay the commission it received for selling the life insurance policy at issue;

    (b)    Is the contract at issue valid and enforceable?  Among other issues, why was the policy at issue here rescinded, and what were the circumstances surrounding signature of the contract?

    (c)    <u>By Plaintiff</u>:  What happened to the commission money MetLife Investors paid Defendant for this sale?  Among other things, should the corporate veil be pierced, allowing Plaintiff to recover the money at issue from the owner of Defendant corporation, if it turns out that said corporation has failed to maintain adequate assets to repay the alleged debt.

       <u>Defendant</u> denies that discovery should be permitted on this issue.

  (d) <u>By Plaintiff</u>: Did Defendant misrepresent to MetLife Investors that Defendant and/or the client intended all along to re-sell this life insurance policy to investors through a secondary market, pursuant to Defendants' pattern or practice of encouraging such life settlement transactions?

       <u>Defendant</u> denies that discovery should be permitted on this issue.

4. **<u>Narrowing of Issues</u>.**  The parties contemplate being able to narrow the issues by eliminating claims and/or defenses and by requesting permission to file summary judgment motions consistent with the Court's rules and the schedule set forth by the Court.  The parties will endeavor to stipulate to such facts and issues as are appropriate during the progress of the case.

5. **<u>Relief Sought</u>.**  Plaintiff seeks damages equal to the commission it paid Defendant for the sale at issue ($525,000), plus interest, along with the costs of suit and reasonable attorney's fees, and any other relief which the Court deems just and proper.  Further, if it turns out that Defendant acted in concert with one or more accomplices or that the corporate veil should be pierced, Plaintiff may seek to add additional defendants.

Defendant seeks entry of judgment against Plaintiff, along with any further and additional relief as the Court deems just and proper.

6. **<u>Amendment of Pleadings & Joinder of Parties</u>.**  Plaintiff believes it needs some discovery to determine what happened to the commission money it paid Defendant, and to investigate the possibility of "piercing the corporate veil."  Depending on what Plaintiff learns

3

through discovery, Plaintiff may seek to join one or more additional parties, and/or may seek to amend its Complaint. To allow sufficient time for that discovery, which may involve several rounds of written discovery and/or depositions, Plaintiff believes the deadline for amending pleadings and adding parties should be no earlier than 120 days from the date of the Status Conference on April 12.

Defendant disputes Plaintiff's view that discovery is necessary or appropriate regarding what happened to the commission money or "piercing the corporate veil." Nonetheless, Defendant agrees that 120 days is an appropriate deadline for amending the pleadings and/or adding parties. Further, Defendant reserves its right to add parties or defenses, if warranted by discovery.

7.  **Discovery.**

One or both parties intend to take discovery on each of the issues listed on Section 3 ("Identification Of Issues").

(a) **Supplemental Statement by Plaintiff**: Plaintiff anticipates that third-party discovery will be necessary, particularly from Defendant's banks and other financial institutions it utilized, and possibly also from Defendant's accountant and/or the individual who solely owns Defendant. Plaintiff anticipates that several rounds of written discovery may be necessary, both to "follow the money trail" and to determine whether the corporate veil should be pierced. Accordingly, Plaintiff requests that the Court allow at least **180 days** for discovery (from the date of the upcoming Status Conference).

Further, Plaintiff anticipates that it may be necessary to take discovery about Defendant's business practices, to demonstrate that: (i) Defendant has a track record of encouraging clients to

purchase life insurance policies for the purpose of re-selling them in a secondary market, and (ii) Defendant regularly makes false representations to insurance companies regarding this intent to re-sell insurance policies in a secondary market.

**(b) Supplemental Statement by Defendant**:  Defendant contends that it is unnecessary and inappropriate for Plaintiff to take discovery regarding the subjects listed in Plaintiff's Supplemental Statement (see subsection "a," above).  However, until Plaintiff serves specific requests and Defendant makes specific objections, there is nothing for the Court to resolve.

**(c) Limits on Discovery**.  The parties have agreed that initially, each party may serve up to 25 interrogatories on each other party, including subparts, as provided in FRCP 33(a).  However, depending on what initial rounds of discovery reveal, each party reserves the right to seek leave for additional interrogatories, if necessary.

The parties further agree that depositions should be limited to 10 per side, with no deposition to exceed 7 hours, as provided in FRCP 30(a)(2); provided, if a third party bank or financial institution is subpoenaed to appear for a deposition solely to obtain documents (and is released from its obligation to testify upon producing those documents), that deposition shall not count against the limit.  Further, depending on what initial rounds of discovery reveal, each party reserves the right to move for leave to exceed the limit on the number of depositions.

**(d) E-Discovery.**  The parties do not presently contemplate that this case will require email searches, nor other complex or potentially expensive electronic discovery.  Accordingly, at this time, there is no need to establish ground rules for e-discovery.  If that situation changes, the parties will revisit this issue, first by meeting and conferring to see if they can reach agreement, and then, if necessary, by raising it with the Court (at that point, there would be a known,

specific issue to resolve, whereas at present any agreement could only address potential / hypothetical issues).

8.  **Proposed Schedule.**  The parties have agreed on the following elements of a schedule for this case, and hereby submit the following proposal:

| Event | Parties' Proposed Deadlines (measured from April 12) |
|---|---|
| Initial Rule 26(a) disclosures | 21 days |
| Parties to file a stipulated protective order | 21 days |
| Deadline to join other parties & amend pleadings | 120 days |
| Discovery closes | 180 days |
| Dispositive Motions due | 60 days after discovery closes |
| Final Pretrial Conference + Pretrial Order | 45 days after the Court rules on any dispositive motions<br><br>(or 45 days after the deadline for filing dispositive motions, if no such motion is filed) |
| Trial | TBD by Court |

9.  **Estimated Trial Length.**  At this time, the parties estimate a 2-day trial, if a trial is necessary.  However, this estimate could change significantly if additional parties or claims are added.

Further, Plaintiff believes that depending on what discovery reveals, it may be possible to decide this case on stipulated facts and cross-motions.

10. **Jury Trial.**  The parties have demanded a trial by jury.  However, Plaintiff believes that depending on what discovery reveals, it may be possible to decide this case on stipulated facts and cross-motions.

11. **Settlement.**  The parties request that this matter be referred to a Magistrate Judge for an optional settlement conference, to be held only if both parties request such a conference.

12. **Other Matters.**  There are no other matters relating to the just, speedy, and inexpensive determination of this action that counsel for the parties wish to confer about or raise with the Court at this time.

13. **Confirmation of Rule 26(f) Teleconference.**  Counsel for Plaintiff and Defendant have conferred regarding each of the topics listed above.  Should the Court have any questions regarding the information set forth above, counsel for both parties are prepared to provide the additional information needed to address the Court's concerns.

DATED:  April 11, 2011

| For Plaintiff: | For Defendant: |
|---|---|
| */s/ Daniel M. Silver*<br>Daniel M. Silver (DE Id. No. 4758)<br>McCARTER & ENGLISH, LLP<br>Renaissance Centre<br>405 N. King Street, 8th Floor<br>Wilmington, DE 19801<br>(302) 984-6300<br>dsilver@mccarter.com<br><br>Martin Harris (*pro hac vice*)<br>HARRIS & AFFILIATES, Ltd<br>515 N. State St – Suite 2800<br>Chicago, IL 60654<br>(312) 644-1800<br>marty@mharrislaw.com<br><br>*Attorneys for Plaintiff – MetLife Investors* | */s/ Jeremy D. Anderson*<br>Bradley R. Aronstam (No. 5129)<br>Jeremy D. Anderson (No. 4515)<br>CONNOLLY BOVE LODGE & HUTZ LLP<br>The Nemours Building<br>1007 N. Orange Street<br>P. O. Box 2207<br>Wilmington, DE 19899<br>(302) 658-9141<br>baronstam@cblh.com<br>janderson@cblh.com<br><br>Charles H. Lichtman<br>Etan Mark (*pro hac vice*)<br>Laurie M. Weinstein (*pro hac vice*)<br>BERGER SINGERMAN<br>200 South Biscayne Boulevard – Suite 1000<br>Miami, FL 33131<br>(305) 755-9500<br><br>*Attorneys for Defendant* |

ME1 11491149v.1